UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMIAH W. BALIK,<br><br>    Plaintiff,<br><br>    v.<br><br>TOY TALK, INC., et al.,<br><br>    Defendants. | Case No. 15-cv-04556-JST<br><br>**ORDER GRANTING WITH PREJUDICE MOTION TO DISMISS AND DENYING MOTIONS TO COMPEL**<br><br>Re: ECF No. 74, 68, 72. |

Before the Court is Defendants' Joint Motion to Dismiss Plaintiff's Third Amended Complaint. ECF No. 74. The motion is granted, and because further amendment would be futile, the case shall be dismissed with prejudice. Accordingly, Plaintiffs' two pending motions to compel discovery are denied as moot. ECF Nos. 68, 72.[1] The Court also orders the subpoenas issued by Plaintiff to be vacated.

## I.    BACKGROUND

Plaintiff Jeremiah Balik, appearing pro se, brings this case against Defendants Toy Talk, Inc. and Mattel, Inc. See ECF No. 1. His case focuses on his allegations that he invented the concept of "embedding mini Bluetooth speakers (E.G. Sound ID to manufacture) inside plush, action-figures, dolls, etc." See ECF No. 62 at 2. The operative Third Amended Complaint was filed on April 22, 2016. ECF No. 67 ("TAC"). The Defendants jointly filed a motion to dismiss Plaintiff's complaint in its entirety. ECF No. 74. The Court previously granted a motion to dismiss Plaintiff's Second Amended Complaint, in which he alleged claims of conversion and patent infringement. ECF No. 62.

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds all of these matters suitable for disposition without oral argument. Defendants' Motion to Continue, ECF No. 80, is denied as moot.

Plaintiff now alleges two causes of action: conversion and copyright infringement. TAC ¶¶ 6-7. He alleges that he "had right to possession of invention for embedding mini speakers and connecting them to smart devices such as computers and smart phones."[2] Id. ¶ 8. He alleges that he sent Defendants "hundreds of emails over a five year period[,] pertaining to published patent application #12/659,756 invention and expression of ideas via PowerPoint docs per Copyright #1-2971746331." Id. ¶ 9. He alleges that he also submitted or discussed his idea with various people at agencies, production companies, and other groups in the entertainment and toy industries. Id. ¶¶ 9, 14, 15, 21. "With Plaintiff's application driven toy idea, not only would a toy company generate revenue from a one off toy purchase," but it "could generate top-line revenue from the purchase of audio downloadable content." Id. ¶ 9. Plaintiff alleges that "Hello Barbie," one of Defendants' products, is "solely based on Plaintiff's invention," ECF No. 9, and that Defendants also "ripped . . . off" a "Green Lantern" toy idea from him, ECF No. 25.

Though Plaintiff now longer appears to raise a patent infringement claim, he also offers allegations regarding his patent application. Id. ¶¶ 10-18. Finally, Plaintiff offers several allegations that Chicago Mayor Rahm Emmanuel and Congressman Fred Upton have "derail[ed]" Plaintiff's efforts to obtain a patent, licensing agreements, or job opportunities, and that they did so in order to interfere with his relationship with his girlfriend. Id. ¶¶ 20, 22, 24.

Defendants filed their joint Motion to Dismiss on May 5, 2016. ECF No. 74. The motion was opposed, ECF No. 77, and the Defendants filed a reply, ECF No. 79. Prior to this motion, Plaintiff filed two Motions to Compel Discovery, which appear to request unspecified discovery from a third party named Mike Jones. ECF Nos. 68, 72. These motions were opposed, ECF No. 75, and no reply was filed. Finally, the Court notes that Plaintiff appears to have issued three subpoenas through the Court to third parties. ECF Nos. 71, 73.

**II.   LEGAL STANDARD**

A complaint must contain "a short and plain statement of the claim showing that the

---

[2] For the purposes of deciding this motion, the Court accepts as true the following allegations from Plaintiff's complaint. Moyo v. Gomez, 40 F.3d 982, 984 (9th Cir. 1994).

1  pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and
2  the ground upon which it rests." Fed. R. Civ. P. 8(a)(2); Bell Atl. Corp. v. Twombly, 550 U.S.
3  544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual
4  matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal,
5  556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when
6  the plaintiff pleads factual content that allows the court to draw the reasonable inference that the
7  defendant is liable for the misconduct alleged." Id. "Dismissal under Rule 12(b)(6) is appropriate
8  only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable
9  legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). The
10 Court must "accept all factual allegations in the complaint as true and construe the pleadings in the
11 light most favorable to the nonmoving party." Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir.
12 2005).
13     "A document filed pro se is to be liberally construed and a pro se complaint, however
14 inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by
15 lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations
16 omitted).

### III. DISCUSSION

Defendants argue that both of Plaintiffs' causes of action should be dismissed for failure to plead a plausible claim. The Court will grant Defendants' motion.

#### A. Conversion

In its prior order, the Court dismissed Plaintiffs' claim for conversion because he failed to identify some kind of property right. See ECF No. 62 at 3-4; see also Language Line Servs., Inc. v. Language Servs. Assocs., Inc., 944 F. Supp. 2d 775, 780 (N.D. Cal. 2013) ("In order to state a claim for conversion, the plaintiff must identify some property in which he had property rights with which the defendant could, and did, interfere." (emphasis removed)). Defendants argue that Plaintiff has once again failed to allege such a property right. ECF No. 74 at 11. The Court agrees. The gravamen of Plaintiff's claim appears to be unchanged – he alleges that Defendants stole or copied his idea to embed speakers inside toys or dolls. But, as the Court explained in its

prior order, a plausible conversion claim cannot be based on an "idea for toy design." ECF No. 74 at 4 (citing to Dielsi v. Falk, 916 F. Supp. 985, 992 (C.D. Cal. 1996)). Though Plaintiff refers generally in his complaint to the concept of intangible property such as corporate stocks or bonds, TAC ¶ 6, he provides no allegations suggesting that he in fact owns any kind of property interest that was subsequently obtained by Defendants. To the extent Plaintiff wishes to base his conversion claim on allegations of either copyright or patent interests, this is also implausible. The Court previously noted that Plaintiff has failed to allege a valid patent claim, see ECF No. 74, and concludes below that Plaintiff has failed to plead a claim for copyright infringement.

Accordingly, the Motion to Dismiss Plaintiff's cause of action for conversion is granted.

### B. Copyright Infringement

Defendants contend that Plaintiff's copyright infringement claim is implausible because he has failed to allege a valid copyright. ECF No. 74 at 13. They note that Plaintiff has failed to register his copyright with the Copyright Office, and further that he appears to be alleging a copyright in an underlying idea for toy design, which is expressly prohibited by the Copyright Act. Id. at 14; see also 17 U.S.C. § 102(b); Harper & Row Publishers, Inc. v. Nation Enterprises, 471 U.S. 539, 547 (1985) ("[N]o author may copyright facts or ideas.").

Plaintiff does not appear to contest that he is seeking copyright protection for an idea rather than a specific work of original authorship. See, e.g. ECF No. 77 at 2. ("Plaintiff is the original author, of the idea to embed mini Bluetooth speakers inside of toys."). Instead, Plaintiff seems to argue in his opposition that he has sufficiently demonstrated the originality of his idea, and cites to Satava v. Lowry, 323 F.3d 805 (9th Cir. 2003), and Aliotti v. R. Dakin & Co., 831 F.2d 898 (9th Cir. 1987). See id. This argument is not relevant to Defendants' contention that Plaintiff cannot obtain copyright protection for an idea rather than a work, and in any event, Defendants persuasively argue that this argument is not true in light of Plaintiff's allegations that toymakers had already been considering the same concept. ECF No. 79 at 3. Finally, although Plaintiff does allege that he expressed his ideas "via PowerPoint docs," TAC ¶ 9, he has not alleged any infringement of text, images, or other expressive content contained in those PowerPoint documents.

Accordingly, the Court concludes Plaintiff has not plausibly alleged a claim for copyright infringement, and grants Defendants' Motion to Dismiss in regards to that claim.

### C. Leave to Amend

Though leave to amend should be freely given when justice so requires, Fed. R. Civ. P. 15(a), a motion to amend should be denied if it appears that amendment would be futile. Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).

Here, Plaintiff has amended his complaint three times and has twice failed to withstand a motion to dismiss. More importantly, it is unclear how Plaintiff could amend his pleadings to bring a plausible claim. The TAC does not offer additional factual allegations to buttress either of Plaintiff's claims. Rather, it appears that Plaintiff has simply attempted to apply a different legal theory – copyright infringement rather than patent infringement – to the same allegations regarding the same products by Defendants and the same idea he conceived. Given that Plaintiff has so far been unable to successfully raise a legal claim based on these facts, it does not appear to the Court that additional leave to amend would be fruitful.

Accordingly, Defendant's Motion to Dismiss is granted with prejudice as to all claims.

### D. Pending Matters

In light of the Court's conclusion, Plaintiff's two Motions to Compel Discovery are denied as moot. Further, the subpoenas issued by Plaintiff to Mike Jones, ECF No. 71, Lori Tabb, and Commander Tim Higgins, ECF No. 73, are hereby vacated.

## CONCLUSION

Defendants' Motion to Dismiss is granted with prejudice. Plaintiffs' Motions to Compel Discovery are denied as moot and all subpoenas issued by Plaintiff are vacated. The Clerk shall close the file. A copy of this order shall be mailed to the parties identified in Plaintiff's subpoenas. See ECF Nos. 71, 73.

IT IS SO ORDERED.

Dated: June 6, 2016

JON S. TIGAR
United States District Judge